**ORDERED.**

**Dated: December 16, 2024**

Tiffany P. Geyer
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

In re:

Rea Ray Brandon,

Debtor.
____________________________________/

Case No. 6:24-bk-05960-TPG
Chapter 7

**ORDER DIRECTING STRIPE PAYMENTS COMPANY AND FUNDCO LLC TO TURNOVER FUNDS TO THE DEBTOR**

THIS CASE came before the Court on December 5, 2024, on pro se Debtor Rea Ray Brandon's "Emergency Motion to Terminate UCC-1 Filing"[1] and "Emergency Motion for Violation of Automatic Stay"[2] (the "Motions") (Doc. Nos. 12, 29). (Doc. No. 31.)

On November 1, 2024, the Debtor filed for bankruptcy relief under Chapter 7. (Doc. No. 1.) When a bankruptcy petition is filed, any act to "recover a claim against the debtor that arose before the commencement of the case under this title [and] . . . any act to obtain possession of

[1] Although the "Emergency Motion to Terminate UCC-1 Filing" was served via email on Fundo LLC and Stripe Payments Company (Doc. No. 12 at 15), and the Clerk of Court served both entities with the notice of the hearing on that motion via U.S. Mail (Doc. No. 19), neither Fundo LLC nor Stripe appeared at the hearing to contest the Debtor's allegations.

[2] In the "Emergency Motion for Violation of Automatic Stay," the Debtor asks the Court to award him damages totaling one million dollars from Fundo LLC and Stripe for violating the automatic stay. (Doc. No. 29 at 2.) There is no indication, however, that this motion was served on Fundo LLC or Stripe.

property of the estate" must cease. 11 U.S.C. § 362(a)(1), (3). "The automatic stay of § 362 is designed to give debtors 'a breathing spell from [ ] creditors. It stops all collection efforts, all harassment, and all foreclosure actions. It permits the debtor to attempt a repayment or reorganization plan, or simply to be relieved of the financial pressure that drove [the debtor] into bankruptcy.'" *In re White*, 410 B.R. 322, 325 (Bankr. M.D. Fla. 2009) (citing *Ellison v. Nw. Eng'g Co.*, 707 F.2d 1310, 1311 (11th Cir.1983) (quoting H.R. Rep. No. 95–595, at 340–344 (1977), U.S. Code Cong. & Admin. News 1978, p. 5963)).

The Debtor asserts that monies due to him from 1099 employment are being withheld based on a prepetition UCC-1 lien filed by Fundo LLC. (Doc. No. 12.) He also asserts that this lien is impeding his ability to obtain work on the DoorDash platform and similar types of employment. (Doc. No. 29 at 2.) The Debtor supplied a copy of a letter from counsel for Fundo LLC dated July 24, 2024, directing "**Stripe Payments Company and Stripe Connect and Stripe Inc. / DoorDash Inc. / Lyft Inc. / Maplebear Inc. dba Instacart**" (collectively hereafter, "Stripe" or "Stripe Payments Company") to immediately remit all funds processed or collected on behalf of the [Debtor], continuously, and until the amount of **$5,214.00** accrues." (Doc. No. 12 at 3-4 (emphasis in original).)

Monies earned by a Chapter 7 debtor pre-petition become property of the debtor's estate. *In re Braddy*, 226 B.R. 479, 481 (Bankr. N.D. Fla. 1998). As such, the automatic stay applies, preventing Stripe and Fundo from exercising control over the Debtor's funds to satisfy a prepetition claim.

Accordingly, it is

**ORDERED** as follows:

1. The “Emergency Motion to Terminate UCC-1 Filing” (Doc. No. 12) is **GRANTED IN PART AND DENIED IN PART** as follows:
    a. **Stripe Payments Company must immediately turnover to the Debtor any funds of the Debtor it holds**;
    b. **Fundco LLC must immediately turnover to the Debtor any funds of the Debtor it received from Stripe Payments Company**; and
2. In all other respects, the “Emergency Motion to Terminate UCC-1 Filing” (Doc. No. 12) is **DENIED**;
3. **Fundo LLC and Stripe Payments Company are cautioned that failure to comply with this Order may result in a finding of a willful violation of the automatic stay as provided in 11 U.S.C. § 362(k)(1), which may subject them to damages, including punitive damages, costs, and attorneys’ fees;**
4. The “Emergency Motion for Violation of Automatic Stay” (Doc. No. 29) is **DENIED WITHOUT PREJUDICE** for failure to serve Fundo LLC and Stripe Payments Company;[3] and
5. The continued hearing on the Motions scheduled for January 8, 2025, is **CANCELLED**.

###

The Clerk is directed to serve a copy of this order on all interested parties.

[3] *See* note 2.