**ORDERED.**

**Dated: January 10, 2025**

Tiffany P. Geyer
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

In re:

Rea Ray Brandon,

Debtor.
________________________/

Case No. 6:24-bk-05960-TPG
Chapter 7

**ORDER DIRECTING RESPONSE TO**
**EMERGENCY MOTION TO TERMINATE UCC-1 FILING**

THIS CASE came before the Court on December 5, 2024 (Doc. Nos. 14 and 31) and on January 8, 2025, on pro se Debtor Rea Ray Brandon's "Emergency Motion to Terminate UCC-1 Filing" (the "Motion") (Doc. No. 12).

The Debtor asserts that monies due to him from 1099 employment are being withheld based on a prepetition UCC-1 lien filed by Fundo LLC ("Fundo"). (Doc. No. 12.) The Debtor disputes the legality of the UCC-1 filing. He also asserts that the lien created by the filing is impeding his ability to obtain work on the DoorDash platform and similar types of employment. (Doc. No. 29 at 2.) The Debtor supplied a copy of a letter from counsel for Fundo dated July 24, 2024, directing "Stripe Payments Company and Stripe Connect and Stripe Inc. (collectively hereafter, "Stripe") / DoorDash Inc. / Lyft Inc. / Maplebear Inc. dba Instacart" to immediately

remit all funds processed or collected on behalf of the [Debtor], continuously, and until the amount of $5,214.00 accrues." (Doc. No. 12 at 3-4 (emphasis in original).)

The Motion was first heard on December 5, 2024, but Fundo did not appear at the hearing. The Court entered an "Order Granting in Part Emergency Motion to Terminate UCC-1 Filing" (Doc. No. 37) on December 16, 2024 and ordered Fundo to immediately turnover to the Debtor any funds it received from Stripe. The matter was also continued for a further hearing on January 8, 2025, during which counsel for Stripe advised that Stripe released any hold on the Debtor's funds resulting from Fundo's UCC-1 filing. Fundo again did not appear at the hearing to dispute the Debtor's assertion that the UCC-1 filing is improper or object to any other of the Debtor's claims, nor has it filed a response to the Motion. A further hearing on this matter has been scheduled for February 19, 2025.

Accordingly, it is

**ORDERED** that if Fundo LLC opposes any of the relief requested in Motion (Doc. No. 12), it must file a response to the Motion on or before February 12, 2025. In the absence of such, additional relief requested in the Motion may be granted at the hearing on February 19, 2025.

###

The Clerk is directed to serve a copy of this order on all interested parties.