**ORDERED.**

**Dated: March 12, 2025**

Tiffany P. Geyer
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

In re:

Rea Ray Brandon,

Debtor.
_____________________________________/

Case No. 6:24-bk-05960-TPG
Chapter 7

**ORDER GRANTING EMERGENCY MOTION TO TERMINATE UCC-1 FILING**

THIS CASE came before the Court on February 19, 2025, on a continued hearing on pro se Debtor Rea Ray Brandon's "Emergency Motion to Terminate UCC-1 Filing" (the "Motion") (Doc. No. 12). The Motion is due to be granted.

On November 1, 2024, the Debtor filed a Chapter 7 petition. (Doc. No. 1.) When a bankruptcy petition is filed, any act to "recover a claim against the debtor that arose before the commencement of the case under this title [and] . . . any act to obtain possession of property of the estate" must cease. 11 U.S.C. § 362(a)(1), (3).

The Debtor asserts that monies due to him from 1099 employment are being withheld based on a prepetition UCC-1 lien filed by Fundo LLC ("Fundo"). (Doc. No. 12.) Prepetition, on December 23, 2023, Fundo filed a UCC Financing Statement in Texas against "Rays Boom

Boom Room, LLC”[1] (the “UCC Financing Statement”). (Doc. No. 12 at 6.) The Debtor asserts that this lien is impeding his ability to obtain work on the DoorDash platform and similar types of employment. (Doc. No. 29 at 2.)

Although the Debtor served the Motion via email on Fundo (Doc. No. 12 at 15), and the Clerk of Court served Fundo with a notice of hearing on the Motion via U.S. Mail (Doc. No. 19), Fundo did not appear at the hearing on December 5, 2024, to contest the Debtor’s allegations (Doc. No. 31), so the Court continued the hearing on the Motion to January 8, 2025 (Doc. No. 31).

Additionally, the Court granted the Motion in part and ordered Fundo to “immediately turnover to the Debtor any funds of the Debtor it received from Stripe Payments Company . . . .” (Doc. No. 37 at 3.) Fundo was “**cautioned that failure to comply . . . may result in a finding of a willful violation of the automatic stay as provided in 11 U.S.C. § 362(k)(1), which may subject them to damages, including punitive damages, costs, and attorneys’ fees** . . . .” (Doc. No. 37 at 3 (emphasis in original).)

Fundo did not appear at the continued hearing on January 8, 2025 (Doc. No. 54), but the Court offered Fundo one last opportunity to contest the relief the Debtor sought, and ordered Fundo to respond to the Motion on or before February 12, 2025, if it opposed the relief requested. (Doc. No. 53 at 2.) Fundo was notified that if it did not file a response, “additional relief requested in the Motion may be granted at the hearing on February 19, 2025.” (Doc. No. 53 at 2.) The order supplying these directives and notifying Fundo of the February 19th hearing was served on Fundo by email at legal@fundo.com on January 10, 2025. (Doc. No. 58 at 1.) Fundo did not file a response and did not appear at the February 19th hearing. (Doc. No. 75.)

[1] Rays Boom Boom Room, LLC was the Debtor’s d/b/a from 2020 through 2022. (Doc. No. 1 at 49.)

Considering Fundo's notice of the Motion and the hearings and Fundo's failure to appear at any of the hearings or to file a response to the Motion, the Motion is granted.

Accordingly, it is

**ORDERED** as follows:

1. The "Emergency Motion to Terminate UCC-1 Filing" (Doc. No. 12) is **GRANTED**;

2. Fundo must, **within fourteen days of the date of entry of this Order**, terminate the UCC-1 Financing Statement;

3. Fundo and any entity holding funds based on the UCC-1 Financing Statement owed to the Debtor must return those funds to the Debtor **within fourteen days of the date of this Order;** and

4. **Fundo is cautioned that failure to comply with this Order may result in a finding of a willful violation of the automatic stay as provided in 11 U.S.C. § 362(k)(1), which may subject it to damages, including punitive damages, costs, and attorneys' fees.**

###

The Clerk is directed to serve a copy of this order on all interested parties.